IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DWIGHT BARKSDALE,

    Plaintiff,

v.                                                          Civil Action No.

HUNTSVILLE SENIOR
SERVICES, LLC,

    Defendant.                                       JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

    1.   This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §1331, 1343(4), 2201, 2202 and 29 U.S.C. §2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993." The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 29 U.S.C. §2601 *et seq.*, and 28 U.S.C. § 1331 providing damages, injunctive relief and other relief.

**II.   PARTIES**

    2.   Plaintiff Dwight Barksdale (hereinafter "Plaintiff"), is a resident of Huntsville, Madison County, Alabama, and performed work for the Defendant in the

counties composing the Northern District of Alabama during the events of this case. Pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Northern District, Northeastern Division.

3.   Defendant, Huntsville Senior Services, LLC (hereinafter "Defendant"), is an entity subject to suit under 28 U.S.C. §1331 and 29 U.S.C. §2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## III. STATEMENT OF FACTS

4.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5.   On February 20, 2010, Defendant and Plaintiff entered into an employment relationship wherein Plaintiff worked as a dishwasher.

6.   At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

7.   From Defendant from November 16, 2011, until December 26, 2011. Plaintiff was on medical leave due to back surgery.

8.   Defendant was aware of Plaintiff's serious health condition necessitating Plaintiff's medical leave.

9. On January 30, 2012, Plaintiff went on leave again for the same serious health condition.

10. On March 12, 2012, Plaintiff had surgery once again and returned to work.

11. Plaintiff informed his supervisor, Stephen West that his back (the serious health condition) continued to hurt him even after his second surgery.

12. Shortly after Plaintiff told West about his back continuing to hurt, West terminated Plaintiff for reasons for which he did not terminate a similarly situated co-worker, Rocco (LNU).

13. Defendant is an FMLA eligible employer as it has employed more than fifty persons for the past twenty or more weeks in the current or preceding calendar year.

14. As of June 8, 2012, Defendant is an FMLA eligible employer as it employed more than fifty persons within 75 miles of Plaintiff's worksite.

15. Prior to June 8, 2012, Plaintiff worked in excess of 1,250 hours of labor/service for the Defendant.

## IV. COUNT ONE – FMLA - Retaliation

16. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant retaliated against Plaintiff for taking FMLA qualifying leave twice.

18. Defendant terminated Plaintiff within three months of returning from his last FMLA qualifying leave after he told his supervisor, West, that he was continuing to have back pain.

19. West terminated Plaintiff's employment to prevent Plaintiff from seeking or taking FMLA leave again for his serious health condition.

20. As a result of Defendant's willful and intentional violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## V. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family Medical Leave Act;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding him reinstatement to the position he would have had, had he not been terminated; and,

C.  Award Plaintiff back pay, together with employment benefits, nominal damages, special damages, liquidated damages and attorneys' fees and costs, and any additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

_____
Of Counsel

SERVE DEFENDANT AT:

Huntsville Senior Services, LLC
c/o National Registered Agents, Inc.
Agent for Service of Process
150 South Perry Street
Montgomery, AL 36104

5